UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEVIEW LOAN SERVICING LLC,<br>　　　　Plaintiff,<br>v.<br>ALEJANDRO C. MUNOZ, an individual; GISELA IVETTE ZAMINGIR, an individual; MCT GROUP INC., a California Corporation; COUNTY OF SAN DIEGO DEPARTMENT OF CHILD SUPPORT SERVICES, a governmental entity; VISTA VERDE MASTER ASSOCIATION, a California Nonprofit Corporation; SYNCHRONY BANK fka GE MONEY BANK, a financial entity; and the UNITED STATES OF AMERICA,<br>　　　　Defendants. | Case No.: 3:21-cv-00172-BEN-AGS<br><br>**ORDER GRANTING UNOPPOSED MOTION TO VACATE DEFAULT JUDGMENT**<br><br>**[ECF No. 8]** |

  This matter and a related case involve quieting title to the property and fixtures located at 1673 Brezar Street, Chula Vista, California, 91913 (the "Subject Property"). *See* Notice of Removal, ECF No. 1; *see also Vista Verde Master Association v. Broker Solutions, Inc. et al.*, S.D. Cal. Case No. 3:20-cv-02134-BEN-KSC.

1

20-CV-2134-BEN-KSC

## I. BACKGROUND

Following a foreclosure due to unpaid housing association assessments, multiple liens appeared to encumber the Subject Property. Notice of Removal, ECF No. 1, 2. On April 15, 2019, Plaintiff Lakeview Loan Servicing LLC ("Lakeview"), one of those lienholders, filed this action in the Superior Court of the State of California, County of San Diego, to protect its interest in the Subject Property. *Id*. After the Superior Court entered default judgment but prior to terminating the case, Defendant the United States of America filed a notice of removal pursuant to 28 U.S.C. §§ 1441, 1442, 1444, and 1446. *Id*. The United States has now filed a Motion to Vacate the Superior Court's Default Judgment (the "Motion"). Mot., ECF No. 8. The time for responsive pleadings has lapsed, and the Motion is unopposed.

## II. LEGAL STANDARD

The court may set aside a final default judgment under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See* Fed. R. Civ. P. 55(c). Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if, *inter alia*, the underlying judgment is void. Fed. R. Civ. P. 60(b)(4).

## III. ANALYSIS

As a preliminary matter, the Court notes that the Superior Court's default judgment does not divest this Court of jurisdiction over this matter. *See Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). In *Butner*, the Ninth Circuit noted "[t]he federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." *Id*. Thus, a motion to vacate a default judgment entered by the state court is analyzed pursuant to Rule 60(b), just as if the district court had entered the default judgment itself. *Id*. at 785-86; *see also Haight v. U.S. Dep't of Agriculture*, Case No. 17-cv-00014-CL, 2017 WL 2416361, at *2 (D. Or. Apr. 28, 2017) (setting aside a state court default judgment against the United States and citing *Butner* along with other cases).

Here, the United States argues the Superior Court's default judgment is void because Lakeview failed to properly serve the United States. Mot., ECF No. 8, 4 (citing Fed. R. Civ. P. 4(i) ("Rule 4(i)"). Rule 4(i) requires a party serving the United States to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. *and* deliver a copy to "the United States attorney for the district where the action is brought." Fed. R. Civ. P. 4(i)(1)(A). In its Motion, the United States argues Lakeview never properly served the United States Attorney's Office for the Southern District of California as required by Rule 4(i). Mot., ECF No. 8, 3. Reviewing the record, the Court finds no evidence the United States was properly served through the United States Attorney's Office. Lakeview therefore appears to have failed to comply with Rule 4(i).

If a defendant is not properly served, the Court lacks personal jurisdiction over that defendant and the defendant is not bound by a judgment in the underlying litigation. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). It follows, therefore, that a default judgment against an improperly served defendant "is void and has no *res judicata* effect." *Id.* Here, the United States contends the Superior Court's default judgment is void because the United States was not properly served. Mot., ECF No. 8, 4. The Court agrees. Because the United States was not properly served in accordance with Rule 4(i), the Superior Court's default judgment is void as to the United States.

## IV.  CONCLUSION

For the foregoing reasons, the United States' Motion to Vacate Default Judgment (ECF No. 8) is **GRANTED**. Per the United States' request, it is **ORDERED** to file its Answer to the Complaint within thirty days from the date of this Order.

**IT IS SO ORDERED.**

Dated: April 21, 2021

_____
HON. ROGER T. BENITEZ
United States District Judge